Matter of Johnson v City of New York (2020 NY Slip Op 00903)





Matter of Johnson v City of New York


2020 NY Slip Op 00903


Decided on February 6, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 6, 2020

529417

[*1]In the Matter of the Claim of Thomas Johnson, Appellant,
v
City of New York, Respondent. Workers' Compensation Board, Respondent.

Calendar Date: January 15, 2020

Before: Lynch, J.P., Clark, Devine, Pritzker and Colangelo, JJ.


Grey & Grey, LLP, Farmingdale (Robert E. Grey of counsel), for appellant.



Pritzker, J.
Appeal from a decision of the Workers' Compensation Board, filed March 29, 2019, which ruled, among other things, that claimant sustained a 30% schedule loss of use of his left leg and a 0% schedule loss of use of his right leg as a result of a February 2006 accident.
In February 2006, claimant, a patient care technician, sustained work-related injuries when he slipped on snow and fell to the ground while exiting a hospital bus. His subsequent claim for workers' compensation benefits was established for injuries to both his knees, for which he ultimately underwent right knee arthroscopy in 2008 and a left knee replacement in April 2016. In November 2009, claimant sustained additional work-related injuries, and his subsequent claim for workers' compensation benefits was established for injuries to his neck, back, right shoulder and both hips. As a result of those November 2009 work-related injuries, he was awarded, in January 2016, a 45% schedule loss of use (hereinafter SLU) of his right arm, a 50% SLU of his left leg and a 52.50% SLU of his right leg. Subsequent to the January 2016 award, the parties submitted evidence of permanency with regard to the 2006 injuries. That evidence consisted of a May 2017 report from William Long, claimant's treating physician, and a December 2017 independent medical examination report from J. Serge Parisien, a physician who evaluated claimant on behalf of the self-insured employer.
Following depositions of the physicians, a Workers' Compensation Law Judge (hereinafter the WCLJ) found that claimant sustained an 80% SLU of use of his left leg and a 40% SLU of his right leg. However, given that claimant had previously received SLU awards for both his left leg and right leg for the injuries sustained in 2009, the WCLJ ultimately reduced the 80% SLU of the left leg by the prior 50% SLU award for the left leg and reduced the 40% SLU of the right leg by the prior 52.50% SLU award for the right leg. The reductions resulted in a SLU of 30% for claimant's left leg and a 0% SLU for the right leg. Upon administrative review, the Workers' Compensation Board upheld the determination of the WCLJ. The Board found, among other things, that claimant's injuries to his hips and knees are not eligible for separate SLU awards because they are both encompassed by awards for the SLU of the legs. As such, the Board determined that claimant's present SLU awards of the legs must be reduced by his prior SLU awards of the legs, regardless of which non-member parts of the leg were injured. Claimant appeals.
We affirm. "Workers' Compensation Law § 15 (3) sets forth SLU awards that the Board may make resulting from permanent injuries to certain body parts, losses of hearing or vision and facial disfigurements" (Matter of Genduso v New York City Dept. of Educ., 164 AD3d 1509, 1510 [2018]; see Workers' Compensation Law § 15 [3] [a]-[t]; Matter of Taher v Yiota Taxi, Inc., 162 AD3d 1288, 1289 [2018], lv dismissed 32 NY3d 1197 [2019]). Such awards are "not given for particular injuries" (Matter of Genduso v New York City Dept. of Educ., 164 AD3d at 1510; see New York State Guidelines for Determining Permanent Impairment and Loss of Wage Earning Capacity § 1.5 at 10 [2012] [hereinafter guidelines]), but they are made to compensate an injured worker for his or her loss of earning power or capacity that is presumed to result, as a matter of law, from the "residual permanent physical and functional impairments to statutorily-enumerated body members" (Matter of Maunder v B & B Lbr. Co., 166 AD3d 1261, 1261 [2018] [internal quotation marks and citation omitted]; see Matter of Estate of Youngjohn v Berry Plastics Corp., 169 AD3d 1237, 1238 [2019], lv granted 34 NY3d 903 [2019]; Matter of Bell v Glens Falls Ready Mix Co., Inc., 169 AD3d 1145, 1146 & n 1 [2019]; Matter of Walczyk v Lewis Tree Serv., Inc., 134 AD3d 1364, 1365 [2015], lv denied 28 NY3d 902 [2016]). "The amount of an SLU award is based upon the body member that was injured and the degree of impairment sustained; it is not allocable to any particular period of disability and is independent of any time that the claimant might lose from work" (Matter of Taher v Yiota Taxi, Inc., 162 AD3d at 1289; see Matter of Keselman v New York City Tr. Auth., 18 AD3d 974, 976 [2005], appeal dismissed 5 NY3d 880 [2005], lv denied 6 NY3d 708 [2006]).
As relevant here, neither Workers' Compensation Law § 15 (3) nor the guidelines lists the knee or the hip as a statutorily-enumerated member or "as body parts or members lending themselves to separate SLU awards" (Matter of Genduso v New York City Dept. of Educ., 164 AD3d at 1510; see New York State Guidelines for Determining Permanent Impairment and Loss of Wage Earning Capacity ch 3 at 25-28, 43 [2012]). Rather, as the Board found here, impairments to these body parts or extremities are encompassed by awards for the loss of use of the leg, which is the applicable statutorily-enumerated body member (see Workers' Compensation Law § 15 [3] [b]; New York State Guidelines for Determining Permanent Impairment and Loss of Wage Earning Capacity ch 3 at 25-28, 43 [2012]). Although, as claimant avers, a claimant may receive more than one SLU award for a "loss of use of more than one member or parts of members" (Workers' Compensation Law § 15 [3] [u]; see Matter of Bell v Glens Falls Ready Mix Co., Inc., 169 AD3d at 1146 n 1), "such SLU awards are nonetheless limited to only those statutorily-enumerated members listed in Workers' Compensation Law § 15 (3)" (Matter of Bell v Glens Falls Ready Mix Co., Inc., 169 AD3d at 1146 n 1). In this regard, to authorize separate SLU awards for a body member's subparts is not authorized by statute or the guidelines and would amount to a monetary windfall for a claimant that would compensate him or her beyond the degree of impairment actually sustained to the statutorily-enumerated body member (see generally Matter of Taher v Yiota Taxi, Inc., 162 AD3d at 1289). Inasmuch as the 50% SLU award and the 52.50% SLU award made with regard to claimant's 2009 injury were for the loss of use and impairment of his left and right legs, respectively, it was not improper for the Board to deduct those percentages from the subsequent 80% SLU award and 40% SLU award made for the 2006 injury and resulting impairment to claimant's left and right legs, respectively (see Workers' Compensation Law § 15 [7]). Accordingly, the Board properly found that claimant was entitled to a 30% SLU (80% minus 50%) for the loss of use his left leg and a 0% SLU (40% minus 52.50%) for the loss of use of his right leg resulting from his 2006 work-related injury (see Matter of Bell v Glens Falls Ready Mix Co., Inc., 169 AD3d at 1148; Matter of Genduso v New York City Dept. of Educ., 164 AD3d at 1510; cf. Matter of Picone v Putnam Hosp., 153 AD3d 1461, 1462 [2017]). Finally, inasmuch as claimant did not seek Board review of the WCLJ's factual determination that he sustained an 80% SLU of the left leg and a 40% SLU of the right leg with respect to his 2006 injury (compare Matter of Bell v Glens Falls Ready Mix Co., Inc., 169 AD3d at 1146; Matter of Maunder v B & B Lbr. Co., 166 AD3d at 1261), he is precluded from challenging those percentages now (see Matter of Genduso v New York City Dept. of Educ., 164 AD3d at 1510). To the extent that claimant's remaining contentions are properly before us, they have been considered and found to be without merit.
Lynch, J.P., Clark, Devine and Colangelo, JJ., concur.
ORDERED that the decision is affirmed, without costs.