Matter of Blair v Suny Syracuse Hosp. (2020 NY Slip Op 03168)





Matter of Blair v Suny Syracuse Hosp.


2020 NY Slip Op 03168


Decided on June 4, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 4, 2020

530457

[*1]In the Matter of the Claim of Jeffrey Blair, Appellant,
v
Suny Syracuse Hospital et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date: May 21, 2020

Before: Egan Jr., J.P., Mulvey, Aarons, Pritzker and Colangelo, JJ.


Murad and Murad, PC, Utica (Frederick W. Murad of counsel), for appellant.
Hamberger & Weiss LLP, Rochester (Stephen P. Wyder Jr. of counsel), for SUNY Syracuse Hospital and another, respondents.



Aarons, J.
Appeal from a decision of the Workers' Compensation Board, filed May 3, 2019, which ruled, among other things, that claimant was entitled to a 20% schedule loss of use award of his right arm.
Claimant established a claim for a 1995 work-related injury to his right elbow and was awarded a 25% schedule loss of use (hereinafter SLU) of his right arm. In 2017, claimant suffered a work-related injury to his right shoulder and underwent, among other things, distal clavicle excision surgery. Based upon an independent medical examiner's evaluation of the impairment as a result of claimant's shoulder injury, claimant was found to have a 45% SLU of his right arm. In determining the SLU award, a Workers' Compensation Law Judge deducted the prior 1995 SLU award of 25% from the instant SLU, resulting in a 20% SLU award for the instant claim. By decision filed May 3, 2019, the Workers' Compensation Board affirmed. Claimant appeals.
Claimant contends that the 45% SLU was solely attributable to his right shoulder injury and that the SLU award should not have been reduced by the prior 1995 SLU award related to his right elbow injury. Workers' Compensation Law § 15 (3) sets forth the SLU awards that the Board may make resulting from permanent partial disabilities to certain body parts. An SLU award is compensation for "the residual permanent physical and functional impairments" of an extremity, not for the particular injury itself (Workers' Compensation Guidelines for Determining Impairment § 1.5, at 8 [2018]; see Matter of Genduso v New York City Dept. of Educ., 164 AD3d 1509, 1510 [2018]). "Although
. . . a claimant may receive more than one SLU award for a loss of use of more than one member or parts of members, such SLU awards are nonetheless limited to only those statutorily-enumerated members listed in Workers' Compensation Law § 15 (3)" (Matter of Johnson v City of New York, 180 AD3d 1134, 1136 [2020] [internal quotation marks, brackets and citations omitted]). Neither Workers' Compensation Law § 15 (3) nor the Board's guidelines for determining impairments set forth separate SLU awards for, as is relevant here, the elbow or shoulder. Such impairments to separate parts of a member are encompassed in an overall SLU award for that specified member (see Workers' Compensation Law § 15 [3] [a]; Workers' Compensation Guidelines for Determining Impairment § 1.5, at 8 [2018]).
Here, the independent medical examiner evaluated the impairment to claimant's shoulder and opined that the shoulder injury resulted in a 45% SLU of claimant's right arm. Because claimant previously received a 25% SLU award for his right arm with regard to an elbow injury, it was proper for the Board to deduct that SLU award from the 45% SLU award related to his shoulder injury (see Matter of Johnson v City of New York, 180 AD3d at 1136-1137; Matter of Genduso v New York City Dept. of Educ., 164 AD3d at 1510). As such, the 20% SLU award will not be disturbed. Claimant's remaining contentions, to the extent that they are properly before this Court, are unpersuasive.
Egan Jr., J.P., Mulvey, Pritzker and Colangelo, JJ., concur.
ORDERED that the decision is affirmed, without costs.