Matter of Kleban v Central NY Psychiatric Ctr. (2020 NY Slip Op 04221)





Matter of Kleban v Central NY Psychiatric Ctr.


2020 NY Slip Op 04221


Decided on July 23, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 23, 2020

530422

[*1]In the Matter of the Claim of Derek Kleban, Appellant,
v
Central NY Psychiatric Center et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date: June 9, 2020

Before: Lynch, J.P., Devine, Aarons, Pritzker and Reynolds Fitzgerald, JJ.


Murad and Murad, PC, Utica (Frederick W. Murad of counsel), for appellant.
Hamberger & Weiss LLP, Rochester (Stephen P. Wyder Jr. of counsel), for Central NY Psychiatric Center and another, respondents.



Aarons, J.
Appeal from a decision of the Workers' Compensation Board, filed May 13, 2019, which ruled that claimant was not entitled to a schedule loss of use award.
In 2013, claimant established a claim for workers' compensation benefits for an injury to his right shoulder, for which he received a 28.75% schedule loss of use (hereinafter SLU) award for his right arm. In 2017, claimant sustained a work-related injury to his right elbow. Claimant's physician found that claimant sustained a 20% SLU of the right elbow. A Workers' Compensation Law Judge ruled that, because the prior SLU award for the right arm exceeded the current 20% SLU, claimant was not entitled to any SLU award for the impairment to the right arm resulting from the elbow injury. The Workers' Compensation Board affirmed. Claimant appeals. We affirm.
"Workers' Compensation Law § 15 (3) sets forth SLU awards that the Board may make resulting from permanent injuries to certain body parts, losses of hearing or vision and facial disfigurements" (Matter of Genduso v New York City Dept. of Educ., 164 AD3d 1509, 1510 [2018]; see Workers' Compensation Law § 15 [3] [a]-[t]). "A schedule award is given not for an injury sustained but for the residual permanent physical and functional impairments" (Workers' Compensation Guidelines for Determining Impairment § 1.5, at 8 [2018]; see Matter of Johnson v City of New York, 180 AD3d 1134, 1136 [2020]; Matter of Genduso v New York City Dept. of Educ., 164 AD3d at 1510). "The amount of an SLU award is based upon the body member that was injured and the degree of impairment sustained" (Matter of Johnson v City of New York, 180 AD3d at 1136 [internal quotation marks and citation omitted]). Although more than one SLU award may be given for a "loss of use of more than one member or parts of one member" (Workers' Compensation Law § 15 [3] [u]), the SLU award is limited to the statutory-enumerated members set forth in Workers' Compensation Law § 15 (3) (see Matter of Johnson v City of New York, 180 AD3d at 1136).
Here, claimant's physician evaluated only the elbow injury in accordance with the guidelines to determine that there was an impairment of 20% SLU of the elbow. Because claimant previously received an SLU award for his right arm in connection with a shoulder injury that exceeded the SLU resulting from the injury to his elbow, the Board properly determined that claimant was not entitled to any further award resulting from the elbow injury (see Matter of Blair v SUNY Syracuse Hosp., ___ AD3d ___,___ 2020 NY Slip Op 03168, *1 [2020]; Matter of Johnson v City of New York, 180 AD3d at 1136-1137; Matter of Genduso v New York City Dept. of Educ., 164 AD3d at 1510). As such, the Board's decision will not be disturbed. Claimant's remaining contentions, to the extent that they are properly before this Court, are unpersuasive.
Lynch, J.P., Devine, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the decision is affirmed, without costs.