Matter of Rickard v Central New York Psychiatric Ctr. (2020 NY Slip Op 05264)





Matter of Rickard v Central New York Psychiatric Ctr.


2020 NY Slip Op 05264


Decided on October 1, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 1, 2020

529842

[*1]In the Matter of the Claim of James Rickard, Appellant,
v
Central New York Psychiatric Center et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date: September 14, 2020

Before: Garry, P.J., Clark, Devine, Pritzker and Colangelo, JJ.


Murad and Murad, PC, Utica (Frederick W. Murad of counsel), for appellant.
Tanisha S. Edwards, State Insurance Fund, New York City (Rudolph Rosa Di Sant of counsel), for Central New York Psychiatric Center and another, respondents.



Garry, P.J.
Appeal from a decision of the Workers' Compensation Board, filed July 8, 2019, which ruled, among other things, that claimant was entitled to a 7.5% schedule loss of use award of his left leg.
Claimant suffered a compensable work-related injury to his left knee while restraining a patient. Ultimately, claimant's orthopedist opined that claimant, having reached maximum medical improvement, sustained a 17.5% schedule loss of use (hereinafter SLU) of his left leg, specifically attributing 7.5% for the loss of extension and 10% for chondromalacia. Although the workers' compensation carrier did not dispute the 17.5% SLU, it requested a credit for claimant's prior 10% SLU award of the left leg stemming from a 2015 hip injury. The Workers' Compensation Law Judge credited the carrier with the prior 10% SLU award against the instant claim, resulting in a 7.5% schedule for the loss of use of his left leg resulting from the instant injury. The Workers' Compensation Board affirmed, and this appeal ensued.
We are unpersuaded by claimant's contention that the Board erred in granting the carrier a credit against the instant SLU award. Workers' Compensation Law § 15 (3) sets forth the SLU awards authorized as a result of permanent partial disabilities to each body part (see Matter of Johnson v City of New York, 180 AD3d 1134, 1135 [2020]; Matter of Genduso v New York City Dept. of Educ., 164 AD3d 1509, 1510 [2018]). "Although a claimant may receive more than one SLU award for a loss of use of more than one member or parts of members, such SLU awards are nonetheless limited to only those statutorily-enumerated members listed in Workers' Compensation Law § 15 (3)" (Matter of Blair v SUNY Syracuse Hosp., 184 AD3d 941, 942 [2020] [internal quotation marks, ellipsis and citations omitted]; see Matter of Bell v Glens Falls Ready Mix Co., Inc., 169 AD3d 1145, 1146 [2019]). Compensation for impairments to separate parts of the same member are reflected in the overall SLU award for the statutorily-enumerated member (see Workers' Compensation Law § 15 [3] [a]; Workers' Compensation Guidelines for Determining Impairment § 1.5, at 8 [2018]; Matter of Blair v SUNY Syracuse Hosp., 184 AD3d at 942).
Claimant's orthopedist opined that claimant sustained a 17.5% SLU of his left leg. Because neither Workers' Compensation Law § 15 (3) nor the Board's guidelines for determining impairments set forth separate SLU awards for, as is relevant here, the knee or hip, claimant's previously awarded 10% SLU award for his left leg was properly credited against the instant 17.5% SLU award. As such, we find no reason to disturb the Board's decision that claimant is entitled to a 7.5% schedule for the loss of use of his left leg (see Matter of Blair v SUNY Syracuse Hosp., 184 AD3d at 943; Matter of Johnson v City of New York, 180 AD3d at 1136-1137; Matter of Genduso v New York City Dept. of Educ., 164 AD3d at 1510). We have received claimant's remaining contentions and find them to be unpersuasive.
Clark, Devine, Pritzker and Colangelo, JJ., concur.
ORDERED that the decision is affirmed, without costs.