Matter of Covington v New York City Dept. of Corr. (2020 NY Slip Op 05276)





Matter of Covington v New York City Dept. of Corr.


2020 NY Slip Op 05276


Decided on October 1, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 1, 2020

530815

[*1]In the Matter of the Claim of Simod Covington, Appellant,
v
New York City Department of Corrections et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date: September 9, 2020

Before: Egan Jr., J.P., Mulvey, Devine, Aarons and Colangelo, JJ.


Rella & Associates, PC, Sleepy Hollow (David I. Tomack of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York City (John Schemitsch of counsel), for New York City Department of Corrections and another, respondents.



Mulvey, J.
Appeal from a decision of the Workers' Compensation Board, filed July 23, 2019, which ruled, among other things, that claimant was entitled to a zero percent schedule loss of use award of the right arm.
Claimant, a correction officer, sustained a work-related injury to his right elbow while restraining an inmate. Subsequently, a Workers' Compensation Law Judge (hereinafter WCLJ) ruled that claimant sustained a 22.5% schedule loss of use (hereinafter SLU) of the right elbow. In determining the SLU award, the WCLJ deducted a prior 10% SLU award in connection with a previous right elbow injury, as well as a 15% SLU award related to a prior right shoulder injury. Because the prior right arm SLU awards totaling 25% exceeded the current 22.5% SLU, the WCLJ found that claimant was entitled to a 0% right elbow SLU for the instant claim. The Workers' Compensation Board found that the prior SLU awards were properly credited toward the instant claim and, therefore, the record supported a 0% right arm SLU award.[FN1] Claimant appeals.
We affirm. SLU "awards are not given for particular injuries, but they are made to compensate an injured worker for his or her loss of earning power or capacity that is presumed to result, as a matter of law, from the residual permanent physical and functional impairments to statutorily-enumerated body members" (Matter of Johnson v City of New York, 180 AD3d 1134, 1135-1136 [2020] [internal quotation marks and citations omitted]; see Matter of Bell v Glens Falls Ready Mix Co., Inc., 169 AD3d 1145, 1146 [2019]). As is relevant here, neither the elbow nor shoulder is listed in Workers' Compensation Law § 15 (3) or the workers' compensation guidelines as a statutorily-enumerated member or "as body parts lending themselves to separate SLU awards" (Matter of Genduso v New York City Dept. of Educ., 164 AD3d 1509, 1510 [2018]; see Matter of Blair v SUNY Syracuse Hosp., 184 AD3d 941, 942 [2020]). Because claimant's previous awards were for the loss of use and impairment of the right arm, the Board properly credited the total of those prior SLU awards toward the instant claim involving the right arm, regardless of whether the prior injuries involved the same or separate parts thereof (see Matter of Blair v SUNY Syracuse Hosp., 184 AD3d at 942-943; Matter of Johnson v City of New York, 180 AD3d at 1136-1137; Matter of Bell v Glens Falls Ready Mix Co., Inc., 169 AD3d at 1147-1148). As such, the Board's decision will not be disturbed. We have reviewed claimant's remaining contentions, including his contention that Matter of Zimmerman v Akron Falls Park-Erie County (29 NY2d 815 [1971]) requires a different result, and find them to be without merit.
Egan Jr., J.P., Devine, Aarons and Colangelo, JJ., concur.
ORDERED that the decision is affirmed, without costs.



Footnotes

Footnote 1: The Board modified the WCLJ's decision by rescinding so much thereof as found an SLU of the right elbow, as opposed to the right arm.