Matter of Rybka v Central N.Y. Psychiatric Ctr. (2020 NY Slip Op 06428)





Matter of Rybka v Central N.Y. Psychiatric Ctr.


2020 NY Slip Op 06428


Decided on November 12, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 12, 2020

530003

[*1]In the Matter of William Rybka, Appellant,
v
Central New York Psychiatric Center et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date: October 13, 2020

Before: Egan Jr., J.P., Mulvey, Aarons, Pritzker and Reynolds Fitzgerald, JJ.


Murad and Murad, PC, Utica (Frederick W. Murad of counsel), for appellant.
Tanisha Edwards, State Insurance Fund, Melville (Katherine Mason-Horowitz of counsel), for Central New York Psychiatric Center and another, respondents.



Mulvey, J.
Appeal from a decision of the Workers' Compensation Board, filed August 14, 2019, which ruled, among other things, that claimant sustained a 12.5% schedule loss of use of his left leg as the result of a September 19, 2017 accident.
Claimant previously established a claim for a 2005 work-related injury to, among other body parts, his left knee, and it was ultimately found that he sustained a 17.5% schedule loss of use (hereinafter SLU) of the left leg. In 2017, claimant sustained a work-related injury to, among other body parts, his left hip. He was evaluated by multiple physicians to determine the permanency of his injury, including a medical examiner retained by the employer's workers' compensation carrier who issued a report opining, as relevant here, that claimant sustained a 30% SLU to the left hip. Based on the record evidence, and crediting that medical examiner's report, a Workers' Compensation Law Judge ruled that claimant had an overall 30% SLU of the left leg. As requested by the carrier, the Workers' Compensation Law Judge then deducted the 2005 SLU from the 2017 SLU in concluding that claimant was entitled to an SLU award of 12.5% for his left leg for the instant claim. The Workers' Compensation Board affirmed, rejecting claimant's various challenges regarding our decision in Matter of Genduso v New York City Dept. of Educ. (164 AD3d 1509 [2018]), and this appeal by claimant ensued.
The Board's interpretation and application of Matter of Genduso was sound and, therefore, the instant SLU award, which is not otherwise challenged, will not be disturbed (see Matter of Genduso v New York City Dept. of Educ., 164 AD3d at 1510; see also Matter of Liuni v Gander Mtn., ___ AD3d ___ [decided herewith]; Matter of Kleban v Central NY Psychiatric Ctr., 185 AD3d 1342, 1343 [2020]; Matter of Blair v SUNY Syracuse Hosp., 184 AD3d 941, 942-943 [2020]; Matter of Johnson v City of New York, 180 AD3d 1134, 1136 [2020], lv granted ___ NY3d ___ [Oct. 20, 2020]). Claimant's remaining contentions have been considered and found to be without merit.
Egan Jr., J.P., Aarons, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the decision is affirmed, without costs.