Matter of Liuni v Gander Mtn. (2020 NY Slip Op 06434)





Matter of Liuni v Gander Mtn.


2020 NY Slip Op 06434


Decided on November 12, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 12, 2020

531142

[*1]In the Matter of the Claim of Joseph D. Liuni, Appellant,
v
Gander Mountain et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date: October 13, 2020

Before: Egan Jr., J.P., Mulvey, Aarons, Pritzker and Reynolds Fitzgerald, JJ.


Kirk & Teff, LLP, Kingston (Justin S. Teff of counsel), for appellant.
Walsh and Hacker, Albany (Mariah W. Dolce of counsel), for Gander Mountain and another, respondents.



Aarons, J.
Appeal from a decision of the Workers' Compensation Board, filed January 30, 2020, which ruled that claimant was entitled to a 5% schedule loss of use of his left arm.
In 2007, claimant ruptured his left distal bicep tendon while working and was granted a 22.5% schedule loss of use (hereinafter SLU) award for the left arm. In 2014, claimant established a workers' compensation claim for his right shoulder that was later amended in 2016 to include a consequential injury to his left shoulder. Based upon his examination of claimant's left shoulder pursuant to the New York State Guidelines for Determining Permanent Impairment and Loss of Wage Earning Capacity (2018), claimant's physician opined that claimant sustained a 27.5% SLU of the left arm. Acknowledging the previous 22.5% SLU award for the left arm, the physician found that claimant had an overall 50% SLU of that arm. A Workers' Compensation Law Judge (hereinafter WCLJ) credited the finding of claimant's physician and determined that claimant had an overall 50% SLU of the left arm. Taking into account the prior 22.5% SLU award, the WCLJ found that claimant was entitled to a 27.5% SLU award for the left arm. On review, the Workers' Compensation Board modified the WCLJ's determination, finding that claimant's injuries to his left bicep and shoulder are not eligible for separate SLU awards because they are both encompassed by SLU awards for the left arm. Accordingly, the Board found that claimant's 27.5% SLU for the impairment of the left arm must be reduced by the prior 22.5% SLU for that body member, resulting in a 5% SLU award for the left arm. Claimant appeals.
We affirm. "Workers' Compensation Law § 15 (3) sets forth SLU awards that the Board may make resulting from permanent injuries to certain body parts, losses of hearing or vision and facial disfigurements" (Matter of Genduso v New York City Dept. of Educ., 164 AD3d 1509, 1510 [2018]; see Workers' Compensation Law § 15 [3] [a]-[t]). "An SLU award is compensation for 'the residual permanent physical and functional impairments' of an extremity, not for the particular injury itself" (Matter of Blair v SUNY Syracuse Hosp., 184 AD3d 941, 942 [2020], quoting New York State Guidelines for Determining Permanent Impairment and Loss of Wage Earning Capacity § 1.5 at 8 [2018]; see Matter of Johnson v City of New York, 180 AD3d 1134, 1136 [2020], lv granted ___ NY3d ___ [Oct. 20, 2020]). "Although more than one SLU award may be given for a 'loss of use of more than one member or parts of one member,' the SLU award is limited to the statutory-enumerated members set forth in Workers' Compensation Law § 15 (3)" (Matter of Kleban v Central NY Psychiatric Ctr., 185 AD3d 1342, 1343 [2020], quoting Workers' Compensation Law § 15 [3] [u]; see Matter of Bell v Glens Falls Ready Mix Co., Inc., 169 AD3d 1145, 1146 n 1 [2019]). "In this regard, to authorize separate SLU awards for a body member's subparts is not authorized by statute or the guidelines and would amount to a monetary windfall for a claimant that would compensate him or her beyond the degree of impairment actually sustained to the statutorily-enumerated body member" (Matter of Johnson v City of New York, 180 AD3d at 1136-1137 [citation omitted]).
Insofar as the 22.5% SLU award for claimant's 2007 bicep tendon rupture and the 27.5% SLU award for the 2016 left shoulder injury are both encompassed by awards for the loss of use of the left arm, it was proper for the Board to deduct the 2007 SLU award from the 2016 SLU award, resulting in a 5% SLU award (see Matter of Blair v SUNY Syracuse Hosp., 184 AD3d at 943; Matter of Johnson v City of New York, 180 AD3d at 1137; Matter of Bell v Glens Falls Ready Mix Co., Inc., 169 AD3d at 1148; Matter of Genduso v New York City Dept. of Educ., 164 AD3d at 1510). Claimant's remaining contentions, to the extent that they are properly before us, have been considered and found to be without merit.
Egan Jr., J.P., Mulvey, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the decision is affirmed, without costs.