Matter of Hluska v Central New York Psychiatric Ctr. (2020 NY Slip Op 06424)





Matter of Hluska v Central New York Psychiatric Ctr.


2020 NY Slip Op 06424


Decided on November 12, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 12, 2020

529843

[*1]In the Matter of the Claim of Kevin Hluska, Appellant,
v
Central New York Psychiatric Center et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date: October 22, 2020

Before: Garry, P.J., Clark, Devine, Aarons and Reynolds Fitzgerald, JJ.


Murad and Murad, PC, Utica (Frederick W. Murad of counsel), for appellant.
Tanisha S. Edwards, State Insurance Fund, New York City (Rudolph Rosa Di Sant of counsel), for Central New York Psychiatric Center and another, respondents.



Clark, J.
Appeal from a decision of the Workers' Compensation Board, filed July 12, 2019, which ruled that claimant was not entitled to a schedule loss of use award.
Claimant established a claim for a 2016 work-related injury to his left shoulder and was granted a 13% schedule loss of use (hereinafter SLU) award for his left arm. In 2017, claimant sustained a work-related injury to his left elbow. Based upon an evaluation of the left elbow, claimant's physician found a 10% SLU of the left arm. A Workers' Compensation Law Judge determined that, because the prior 13% SLU award for the left arm exceeded the current 10% SLU, claimant was not entitled to any SLU award for the impairment to the left arm resulting from the elbow injury. The Workers' Compensation Board affirmed, and claimant appeals.
We affirm. "Workers' Compensation Law § 15 (3) sets forth SLU awards that the Board may make resulting from permanent injuries to certain body parts, losses of hearing or vision and facial disfigurements" (Matter of Genduso v New York City Dept. of Educ., 164 AD3d 1509, 1510 [2018]; see Workers' Compensation Law § 15 [3] [a]-[t]). "An SLU award is compensation for 'the residual permanent physical and functional impairments' of an extremity, not for the particular injury itself" (Matter of Blair v SUNY Syracuse Hosp., 184 AD3d 941, 942 [2020], quoting New York State Guidelines for Determining Permanent Impairment and Loss of Wage Earning Capacity § 1.5, at 8 [2018]; see Matter of Johnson v City of New York, 180 AD3d 1134, 1136 [2020], lv granted ___ NY3d ___ [Oct. 20, 2020]). "Although more than one SLU award may be given for a 'loss of use of more than one member or parts of one member,' the SLU award is limited to the statutory-enumerated members set forth in Workers' Compensation Law § 15 (3)" (Matter of Kleban v Central NY Psychiatric Ctr., 185 AD3d 1342, 1343 [2020], quoting Workers' Compensation Law § 15 [3] [u]; see Matter of Blair v SUNY Syracuse Hosp., 184 AD3d at 942).
Claimant's physician evaluated claimant's elbow injury pursuant to the guidelines and determined that claimant sustained a 10% SLU of the left arm. "Because claimant previously received an SLU award for his [left] arm in connection with a shoulder injury that exceeded the SLU resulting from the injury to the elbow, the Board properly determined that claimant was not entitled to any further award resulting from the elbow injury" (Matter of Kleban v Central NY Psychiatric Ctr., 185 AD3d at 1343; see Matter of Johnson v City of New York, 180 AD3d at 1136). Therefore, the Board's decision will not be disturbed. Claimant's remaining contentions, to the extent that they are properly before us, have been considered and found to be without merit.
Garry, P.J., Devine, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the decision is affirmed, without costs.