Matter of Neely (New York City Dept. of Corr.) (2021 NY Slip Op 00614)





Matter of Neely (New York City Dept. of Corr.)


2021 NY Slip Op 00614


Decided on February 4, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 4, 2021

531757

[*1]In the Matter of the Claim of Roscoe Neely, Appellant,
New York City Department of Correction, Respondent. Workers' Compensation Board, Respondent.

Calendar Date: January 7, 2021

Before: Garry, P.J., Egan Jr., Lynch, Clark and Reynolds Fitzgerald, JJ.


Rella & Associates, PC, Sleepy Hollow (David I. Tomack of counsel), for appellant.



Clark, J.
Appeal from a decision of the Workers' Compensation Board, filed December 27, 2019, which ruled, among other things, that claimant sustained a 10% schedule loss of use of his left arm and a 15% schedule loss of use of his left leg as the result of a June 8, 2017 accident.
Claimant, a correction officer, previously established a claim for workers' compensation benefits for a September 2014 worked-related injury to, among other body parts, his left knee and left shoulder, and it was ultimately found that he sustained a 20% schedule loss of use (hereinafter SLU) of the left arm and a 15% SLU of the left leg as a result of those injuries. Claimant also has an established claim for a December 2017 accident, in which he injured his left shoulder, left knee and left ankle. For that claim, he was awarded, by agreement of the parties, a 3.75% SLU of the left arm, with no deduction of the prior left arm SLU, and a 5% SLU of the left foot. The instant claim concerns a June 2017 work-related injury to claimant's left shoulder, left elbow, left wrist, left hand and left hip. Medical opinions as to the permanency of those injuries were provided by the parties, after which a Workers' Compensation Law Judge declined to rule on the credibility thereof, reasoning that, even accepting the highest of SLU percentages proffered, no money would move to claimant once the prior SLU awards were deducted. The Workers' Compensation Board concluded that claimant was entitled to a determination as to his SLU percentages for the instant claim irrespective of whether he would ultimately be entitled to additional monies and found that claimant sustained a 10% SLU of the left arm and a 15% SLU of the left leg as a result of the June 2017 accident. In accordance with Matter of Genduso v New York City Dept. of Educ. (164 AD3d 1509 [2018]), the Board then concluded that, because the SLU awards from claimant's September 2014 claim exceeded the instant SLU awards, claimant was not entitled to any additional compensation. Claimant appeals.
Contrary to claimant's contention, the Board's interpretation and application of Matter of Genduso was sound (see Matter of Genduso v New York City Dept. of Educ., 164 AD3d at 1510). The instant SLU awards, which are not otherwise challenged, therefore will not be disturbed (see Matter of Rybka v Central N.Y. Psychiatric Ctr., 188 AD3d 1389, 1390 [2020]; see also Matter of Liuni v Gander Mtn., 188 AD3d 1403, 1405 [2020]; Matter of Kleban v Central NY Psychiatric Ctr., 185 AD3d 1342, 1343 [2020]; Matter of Blair v SUNY Syracuse Hosp., 184 AD3d 941, 942-943 [2020]; Matter of Johnson v City of New York, 180 AD3d 1134, 1137 [2020], lv granted 35 NY3d 915 [2020]). Claimant's remaining contentions, to the extent not expressly addressed herein, have been considered and found to be without merit.
Garry, P.J., Egan Jr., Lynch and Reynolds Fitzgerald, JJ., concur.
ORDERED that the decision is affirmed, without costs.