Matter of Green v New York City Dept. of Corr. (2021 NY Slip Op 00613)





Matter of Green v New York City Dept. of Corr.


2021 NY Slip Op 00613


Decided on February 4, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 4, 2021

531756

[*1]In the Matter of the Claim of Rene Green, Appellant,
v
New York City Department of Correction, Respondent. Workers' Compensation Board, Respondent.

Calendar Date: January 6, 2021

Before: Egan Jr., J.P., Aarons, Pritzker, Reynolds Fitzgerald and Colangelo, JJ.


Rella & Associates, PC, Sleepy Hollow (David I. Tomack of counsel), for appellant.



Egan Jr., J.P.
Appeal from a decision of the Workers' Compensation Board, filed November 22, 2019, which ruled, among other things, that claimant was not entitled to a schedule loss of use award.
Claimant, a correction officer, suffered a work-related injury to his right shoulder in July 2016 and filed a claim for workers' compensation benefits. His claim was established and he was later awarded a 17.5% schedule loss of use (hereinafter SLU) for his right arm. In December 2017, claimant injured his right elbow while restraining an inmate and filed another claim for workers' compensation benefits. Although the claim was not formally established, it was not controverted by the self-insured employer and medical reports were submitted by the parties on the issue of permanency. Claimant's treating physician opined that claimant had a 15% SLU of the right elbow. However, an orthopedic surgeon who conducted an independent medical examination of claimant concluded that claimant had a 7.5% SLU.
Thereafter, proceedings were conducted before a Workers' Compensation Law Judge (hereinafter WCLJ) to consider, among other things, whether the 17.5% SLU previously awarded should be credited against the SLU to be awarded for claimant's right elbow injury based upon this Court's decision in Matter of Genduso v New York City Dept. of Educ. (164 AD3d 1509 [2018]). The WCLJ concluded that it should and found that, because the prior SLU was greater than the SLU to be awarded by either physician, claimant was not entitled to any SLU for his right elbow. A panel of the Workers' Compensation Board upheld the WCLJ's finding, and this appeal by claimant ensued.
We affirm. "Workers' Compensation Law § 15 (3) sets forth SLU awards that the Board may make resulting from permanent injuries to certain body parts, losses of hearing or vision and facial disfigurements" (Matter of Johnson v City of New York, 180 AD3d 1134, 1135 [2020] [internal quotation marks and citations omitted], lv granted 35 NY3d 915 [2020]; see Matter of Liuni v Gander Mountain, 188 AD3d 1403, 1404 [2020]; see also Workers' Compensation Law § 15 [3] [a]-[t]). "An SLU award is compensation for 'the residual permanent physical and functional impairments' of an extremity, not for the particular injury itself" (Matter of Liuni v Gander Mountain, 188 AD3d at 1404, quoting Workers' Compensation Guidelines for Determining Impairment § 1.5, at 8 [2018]; see Matter of Blair v SUNY Syracuse Hosp., 184 AD3d 941, 942 [2020]). "Although a claimant may receive more than one SLU award for a loss of use of more than one member or parts of a member, such SLU awards are nonetheless limited to only those statutorily-enumerated members listed in Workers' Compensation Law § 15 (3)" (Matter of Rickard v Central N.Y. Psychiatric Ctr., 187 AD3d 1260, 1261 [2020] [internal quotation marks and citations omitted]; see Matter of Hluska v Central N.Y. Psychiatric Ctr., 188 AD3d 1381, 1381 [2020]). Accordingly, "[c]ompensation for impairments [*2]to separate parts of the same member are reflected in the overall SLU award for the statutorily-enumerated member" (Matter of Rickard v Central New York Psychiatric Ctr., 187 AD3d at 1261; see Matter of Blair v SUNY Syracuse Hosp., 184 AD3d at 942).
Here, neither Workers' Compensation Law § 15 (3) nor the Board's guidelines for determining impairments set forth separate SLU awards for the shoulder and elbow. Rather, the SLU award is limited to the loss of use of the specified member, which here is the arm (see Workers' Compensation Law § 15 [3] [a]; Workers' Compensation Guidelines for Determining Impairment § 1.5, at 8 [2018]). Given that claimant previously received a 17.5% SLU award for his right arm in connection with his right shoulder injury that exceeded the SLU (either 7.5% or 15%) resulting from the injury to his right elbow, the Board properly found that claimant was not entitled to a further SLU award. This conclusion is consistent with Matter of Genduso v New York City Dept. of Educ. (supra) and recent case law following it (see Matter of Liuni v Gander Mountain, 188 AD3d at 1405; Matter of Hluska v Central N.Y. Psychiatric Ctr., 188 AD3d at 1382; Matter of Kleban v Central N.Y. Psychiatric Ctr., 185 AD3d 1342, 1343 [2020]; Matter of Blair v SUNY Syracuse Hosp., 184 AD3d at 942-943 [2020]). Therefore, we find no reason to disturb the Board's decision.
Aarons, Pritzker, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the decision is affirmed, without costs.