■ In the Matter of the Claim of WILHEMINA ROGERS, Claimant, v DEL LABS et al., Respondents, and SPECIAL FUND FOR REOPENED CASES, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [861 NYS2d 163]—

Malone Jr., J. Appeal from a decision of the Workers' Compensation Board, filed October 2, 2006, which ruled that liability shifted to the Special Fund for Reopened Cases pursuant to Workers' Compensation Law § 25-a.

On October 27, 1993, claimant injured her right hand and thumb at work while opening a door that was being pushed from the other side. She applied for and received workers' compensation benefits, including a 12$\frac{1}{2}$% schedule loss of use award. In June 1999, the case was reopened and the claim was amended to include right carpal tunnel syndrome. In addition to this claim, claimant sustained other work-related injuries for which she also filed claims for workers' compensation benefits. In September 2003, following a further hearing, a Workers' Compensation Law Judge (hereinafter WCLJ), among other things, closed the case with respect to so much as it pertained to the claim for claimant's right hand injury, and found that no further action was planned at that time.

In May 2006, the case was reopened under the case number assigned to the claim involving claimant's right hand injury, but issues pertaining to claims concerning claimant's other work-related injuries were considered by the WCLJ as well. At the hearing, one of the issues raised was the liability of the Special Fund for Reopened Cases under Workers' Compensation Law § 25-a with respect to the claim involving claimant's right hand

injury. The WCLJ concluded that Workers' Compensation Law § 25-a was applicable and that liability had shifted to the Special Fund. The Workers' Compensation Board upheld this decision, resulting in this appeal by the Special Fund.

We agree with the Special Fund's argument that the Board failed to provide a rational explanation for failing to follow its own precedent as set out in *Parts World Inc.* (2006 WL 265312 [NY Work Comp Bd, Jan. 26, 2006]). In that case, the Board reversed the WCLJ's decision that Workers' Compensation Law § 25-a liability applied finding "the case was improperly reopened and placed on the calendar with several traveling files and that the instant file should have remained closed in that there is no claim being made for awards or medical treatment" (*id.*; *cf. Girl Scouts of USA*, 2006 WL 3336969 [NY Work Comp Bd, Oct. 27, 2006]; *Comm Bankers Assoc*, 2003 WL 21302398 [NY Work Comp Bd, June 2, 2003]). Because of the substantial similarity between the facts in *Parts World* and this case, we remit to the Board for the appropriate explanation (*see Matter of Charles A. Field Delivery Serv. [Roberts]*, 66 NY2d 516, 520 [1985]; *Matter of Paolucci v Capital Newspapers*, 197 AD2d 811, 812 [1993]; *cf. Matter of Johnson v Onondaga Heating & A.C.*, 301 AD2d 903, 905-906 [2003]).

Peters, J.P., Rose, Lahtinen and Kane, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.