■ In the Matter of BRENT REBEOR, Claimant, v MOOSE LODGE #1280 et al., Respondents, and SPECIAL FUND FOR REOPENED CASES, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [897 NYS2d 774]—

used by Supreme Court. If accepted, this could have resulted in a penalty far exceeding a million dollars.

Rose, J. Appeal from a decision of the Workers' Compensation Board, filed April 30, 2008, which, among other things, ruled that liability shifted to the Special Fund for Reopened Cases pursuant to Workers' Compensation Law § 25-a.

Claimant sustained an employment-related injury in 1988 and was awarded a 10% schedule loss of use of his leg, with the last payment of compensation made in 1990. In August 2007, after the workers' compensation carrier informed him that it would deny his request for payment for additional medical treatment, he requested further action by filing forms RFA-1 and C-8.1 with the Workers' Compensation Board. In response, the carrier filed an RFA-2 form seeking relief from liability under Workers' Compensation Law § 25-a. The case was reopened and, although claimant did not appear at the hearing, a Workers' Compensation Law Judge authorized medical treatment as necessary and found that liability had shifted to the Special Fund for Reopened Cases pursuant to section 25-a. When the Special Fund's application for review was affirmed by the Board, this appeal ensued.

The Special Fund argues that there has been no evidence of medical treatment since 1990 and, thus, no actual liability to shift. However, liability for compensation shifts to the Special Fund when an application to reopen a case is made after a lapse of seven years from the date of the injury and a lapse of three years from the date of the last payment of compensation (*see* Workers' Compensation Law § 25-a; *Matter of Lauritano v Consolidated Edison Co. of N.Y., Inc.*, 59 AD3d 757, 758 [2009]). While it may be true that there was no current liability to be shifted to the Special Fund, we find no abuse of the Board's discretion in reopening claimant's case and determining that he has a potential claim for further medical treatment that would be the responsibility of the Special Fund rather than the original carrier (*see Matter of Casey v Hinkle Iron Works*, 299 NY 382, 386 [1949]; *see also Matter of Mackey v Murray Roofing*, 24 AD3d 1149, 1150 [2005]; *Matter of Becker v Marcy State Hosp.*, 264 App Div 643, 644 [1942]).

Nor are we persuaded that the Board improperly departed from its own precedent. Contrary to the Special Fund's contention, the Board has sufficiently explained its reasons for shifting

liability despite the absence of payable medical benefits in *Employer: Del Labs* (2009 WL 193434, *4-6, 2009 NY Wrk Comp LEXIS 80, *9-17 [WCB No. 2940 8739, Jan. 14, 2009]). Although that decision postdated the Board's decision here, it would provide the necessary explanation if we were to remit the matter as we did in *Matter of Rogers v Del Labs* (52 AD3d 1129, 1130 [2008]).

The Special Fund's remaining contentions have been examined and found to be lacking in merit.

Spain, J.P., Kavanagh, Stein and Egan Jr., JJ., concur. Ordered that the decision is affirmed, without costs.