In the Matter of the Claim of CAROL NORCROSS, Respondent, v CAMDEN CENTRAL SCHOOL et al., Respondents, and SPECIAL FUND FOR REOPENED CASES, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [910 NYS2d 322]—

Spain, J. Appeal from a decision of the Workers' Compensation Board, filed February 25, 2009, which ruled that liability shifted to the Special Fund for Reopened Cases pursuant to Workers' Compensation Law § 25-a.

Claimant sustained a work-related injury to her left leg and back in 2001. There were no awards for compensable lost time or wage replacement and her last documented medical treatment was in 2003. In 2008, the employer's workers' compensation carrier filed an RFA-2 form requesting relief from liability under Workers' Compensation Law § 25-a. Following a hearing, a Workers' Compensation Law Judge shifted liability to the Special Fund for Reopened Cases pursuant to Workers' Compensation Law § 25-a, and the Workers' Compensation Board affirmed this determination on review. The Special Fund now appeals, contending that the Board failed to follow its own precedent.

"[W]hen an agency makes a determination that is contrary to its prior decisions on similar facts, it must set forth a rational explanation for doing so or such determination will be deemed arbitrary and capricious" (*Matter of Huff v Department of Corrections*, 52 AD3d 1003, 1004 [2008]). The Board has determined that in situations such as this where seven years have passed since the injury and three years have passed since the last pay-

ment of compensation (see Workers' Compensation Law § 25-a), but there is no current liability to be shifted, claims may be reopened for the purpose of shifting liability pursuant to Workers' Compensation Law § 25-a upon, among other things, "the carrier's filing a request on form RFA-2 to shift liability to Special Funds in cases where there is proof that further medical or indemnity benefits are payable" (Employer: Del Labs, 2009 WL 193434, *6, 2009 NY Wrk Comp LEXIS 4054, *16 [WCB No. 2940 8739, Jan. 14, 2009]).

Here, the carrier's request to reopen the claim was not supported by any proof that further medical or indemnity benefits are payable. The Board's subsequent shifting of liability to the Special Fund based upon such a request runs contrary to a previous Board decision with similar facts (see Employer: Bush Indus., 2009 WL 457009, *2, 2009 NY Wrk Comp LEXIS 5383, *3-4 [WCB No. 8010 6916, Feb. 18, 2009]). In Bush Indus., the Board concluded, pursuant to its determination in Del Labs, that a carrier's request to reopen a claim for the purpose of shifting liability under Workers' Compensation Law § 25-a, with no current liability and no proof that further medical or indemnity payments were payable, did not form a proper basis to reopen the claim (id.). Significantly, subsequent Board decisions have also found that such unsupported requests by the carrier, based only upon the passage of the statutory time limits, did not form a basis for reopening the claim for the purpose of shifting liability to the Special Fund (see Employer: City of Rensselaer, 2010 WL 3394383, *2, 2010 NY Wrk Comp LEXIS 7564, *3-5 [WCB No. G011 6942, Aug. 31, 2010]; Employer: Town of Westport, 2010 WL 3233875, *1, 2010 NY Wrk Comp LEXIS 6976, *2-3 [WCB No. 5000 4034, Aug. 11, 2010]; Employer: Hoytes Concrete Prods., 2009 WL 1543205, *2, 2009 NY Wrk Comp LEXIS 9579, *3-4 [WCB No. 6911 1903, May 21, 2009]; cf. Matter of Rebeor v Moose Lodge #1280, 72 AD3d 1223 [2010] [case may be reopened despite absence of proof of further medical treatment where the claimant filed application for reopening]). Inasmuch as the Board has not provided a rational basis here for departing from its own precedent, the decision must be reversed.

Peters, J.P., Lahtinen, Kavanagh and Garry, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.