State of New York
Supreme Court, Appellate Division
Third Judicial Department

Decided and Entered:  February 9, 2017                    523004
_____

In the Matter of the Claim of
    SUSAN L. GREEY,
                        Claimant,
        v

YAPHANK FIRE DEPARTMENT et al.,
                        Appellants,          MEMORANDUM AND ORDER
        and

SPECIAL FUND FOR REOPENED
    CASES,
                        Respondent.

WORKERS' COMPENSATION BOARD,
                        Respondent.
_____


Calendar Date:  January 13, 2017

Before:  Peters, P.J., Lynch, Devine, Clark and Aarons, JJ.


                    _____


        Stewart Greenblatt Manning & Baez, Syosset (Peter Michael
DeCurtis of counsel), for appellants.

        Steven M. Licht, Special Funds Conservation Committee,
New York City (Jill B. Singer of counsel), for Special Fund for
Reopened Cases, respondent.


                    _____


Clark, J.

        Appeal from a decision of the Workers' Compensation Board,
filed July 29, 2015, which ruled that liability did not shift to
the Special Fund for Reopened Cases pursuant to Workers'
Compensation Law § 25-a.

In December 2005, claimant, a volunteer firefighter, sustained various work-related injuries when she slipped and fell on ice. Claimant's workers' compensation claim was subsequently established for injuries to her arms, right shoulder, left wrist, back and left chest wall; however, she incurred no compensable lost time, no award was directed and the case was marked for no further action. In March 2012, claimant received medical treatment for her back related to her December 2005 injury. Thereafter, in September 2013, the employer and its workers' compensation carrier (hereinafter collectively referred to as the employer) filed an RFA-2 form, requesting that medical liability for the claim be transferred to the Special Fund for Reopened Cases pursuant to Workers' Compensation Law § 25-a (see Volunteer Firefighters' Benefit Law § 51 [1]). Following a hearing, a Workers' Compensation Law Judge, among other things, denied the employer's request for transfer of liability under Workers' Compensation Law § 25-a to the Special Fund. Upon administrative review, the Workers' Compensation Board affirmed, finding that the case was improperly reopened, that there was no evidence of any liability to transfer at the time that the RFA-2 form was filed and, thus, that Workers' Compensation Law § 25-a did not apply. The employer now appeals.

We affirm. Workers' Compensation Law § 25-a provides that "liability [for a claim] is transferred to the Special Fund 'when an application to reopen a [fully] closed case is made more than seven years from the date of injury and more than three years after the last payment of compensation'" (Matter of Canfora v Goldman Sachs Group, Inc., 110 AD3d 1123, 1124 [2013], quoting Matter of McLean v Amsterdam Nursing Home, 72 AD3d 1309, 1310 [2010]; see Workers' Compensation Law § 25-a [1]; Matter of Giasante v Seneca Cayuga ARC, 137 AD3d 1450, 1451 [2016]). "[W]here seven years have passed since the injury and three years have passed since the last payment of compensation, but there is no current liability to be shifted, claims may be reopened for the purpose of shifting liability pursuant to Workers' Compensation Law § 25-a upon, among other things, 'the [employer] filing a request on form RFA-2 to shift liability to [the] Special Fund[] in cases where there is proof that further medical or indemnity benefits are payable'" (Matter of Norcross v Camden Cent. School, 78 AD3d 1339, 1340-1341 [2010], quoting Employer:

Del Labs, 2009 WL 193434, *6, 2009 NY Wrk Comp LEXIS 4054, *16 [WCB No. 2940 8739, Jan. 14, 2009] [internal citation omitted]).

Here, the employer's September 2013 request to reopen the claim and transfer liability to the Special Fund was made more than seven years after claimant's December 2005 injury. The employer's request, however, was not supported by any proof that further medical or indemnity benefits are payable. Moreover, in May 2014, claimant submitted a Workers' Compensation Law § 25-a affidavit attesting that she was not making any claims for reduced earnings or loss of wage-earning capacity. Accordingly, in the absence of any proof of current liability for the claim, we find that the Board did not abuse its discretion in denying the employer's request to reopen the claim for the purpose of shifting liability to Workers' Compensation Law § 25-a (see Matter of Norcross v Camden Cent. School, 78 AD3d at 1340; cf. Matter of Rebeor v Moose Lodge #1280, 72 AD3d 1223, 1224-1225 [2010]).

Peters, P.J., Lynch, Devine and Aarons, JJ., concur.

ORDERED that the decision is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court