Clark, J.
 

 Appeal from a decision of the Workers’ Compensation Board, filed October 19, 2015, which ruled that liability did not shift to the Special Fund for Reopened Cases pursuant to Workers’ Compensation Law § 25-a.
 

 On November 8, 2006, claimant sustained a work-related injury as a result of exposure to chemical fumes at work. A claim for irritant rhinoconjunctivitis and hives was established and claimant was awarded workers’ compensation benefits. Thereafter, in a January 26, 2012 decision, a Workers’ Compensation Law Judge (hereinafter WCLJ) found, among other things, that there was no compensable lost time from January 17, 2007 to January 24, 2012. That decision was affirmed by the Workers’ Compensation Board.
 

 On November 11, 2013, the employer and its third-party administrator (hereinafter collectively referred to as the employer) filed an RFA-2 form, requesting reopening for the purpose of transferring liability to the Special Fund for Reopened Cases pursuant to Workers’ Compensation Law § 25-a. In support thereof, the employer attached a May 7, 2013 medical evaluation that noted that claimant was working full time and responding well to medication and that a follow-up visit had been scheduled for six months later.
 
 *
 
 Following a hearing, the WCLJ ruled, among other things, that the employer was discharged from liability and transferred liability for the claim to the Special Fund. The Board modified the WCLJ’s decision to the extent of finding that the employer’s application for transfer of liability was incomplete, that the case was improperly reopened as there was no liability to transfer at the time of the reopening request, and that, therefore, Workers’ Compensation Law § 25-a did not apply. The employer appeals.
 

 We affirm. Initially, we note that there is no challenge to the Board’s finding that claimant’s case was fully closed by the January 26, 2012 WCLJ decision. To that end, “Workers’ Compensation Law § 25-a provides that liability for a claim is transferred to the Special Fund when an application to reopen a fully closed case is made more than seven years from the date of injury and more than three years after the last payment of compensation” (Matter of Greey v Yaphank Fire Dept., 147 AD3d 1171, 1172 [2017] [internal quotation marks, brackets and citations omitted]; see Workers’ Compensation Law § 25-a [1]; Matter of Williams v General Elec., 146 AD3d 1211, 1212 [2017]). “[C]laims may be reopened for the purpose of shifting liability pursuant to Workers’ Compensation Law § 25-a upon, among other things, ‘the [employer] filing a request on form RFA-2 to shift liability to [the] Special Fund[ ] in cases where there is proof that further medical or indemnity benefits are payable’ ” (Matter of Norcross v Camden Cent. School, 78 AD3d 1339, 1340 [2010], quoting Employer: Del Labs, 2009 WL 193434, *6, 2009 NY Wrk Comp LEXIS 4054, *16 [WCB No. 2940 8739, Jan. 14, 2009]; see Matter of Greey v Yaphank Fire Dept., 147 AD3d at 1172).
 

 Here, the seven-year statutory period lapsed on November 8, 2013 and the three-year statutory period lapsed on June 5, 2011, rendering the employer’s application to shift liability to the Special Fund timely. Nevertheless, the liability to transfer relied upon by the employer at the time of and in support of its application—specifically the May 7, 2013 medical evaluation— occurred within seven years of the date of the accident. The passage of the requisite time period, without current liability or proof that further medical or indemnity payments were payable at the time the employer submitted the RFA-2 application, did not form a proper basis to reopen the claim for purposes of shifting liability to the Special Fund (see Matter of Greey v Yaphank Fire Dept., 147 AD3d at 1172-1173; Matter of Norcross v Camden Cent. School, 78 AD3d at 1340; Employer: Appolo Heating, 2015 WL 9267736, *3, 2015 NY Wrk Comp LEXIS 11052, *6 [WCB No. 5070 1750, Dec. 9, 2015]). Although the employer seeks to include medical liability subsequent to its application, “the liability for the medical or indemnity [must] exist at the time the [employer] files for reopening” (Employer: St. Francis Hosp., 2015 WL 1121041, *2, 2015 NY Wrk Comp LEXIS 1475, *5 [WCB No. 5020 6892, Mar. 5, 2015]). Furthermore, contrary to the employer’s contention, the two-year retroactive period of liability for the Special Fund provided in Workers’ Compensation Law § 25-a is separate and distinct from the question of whether liability can be shifted to the Special Fund in the first instance (see Matter of Canfora v Goldman Sachs Group, Inc., 110 AD3d 1123, 1124-1125 [2013]). In view of the foregoing, the Board did not abuse its discretion in denying the employer’s application to reopen and transfer liability to the Special Fund pursuant to Workers’ Compensation Law § 25-a (see Matter of Greey v Yaphank Fire Dept., 147 AD3d at 1172-1173; Employer: Homemakers Upstate Group, 2015 WL 745890, *2, 2015 NY Wrk Comp LEXIS 809, *3-6 [WCB No. 8070 0088, Feb. 5, 2015]). The employer’s remaining contentions have been reviewed and found to be without merit.
 

 McCarthy, J.P., Lynch, Rose and Pritzker, JJ., concur.
 

 Ordered that the decision is affirmed, without costs.
 

 *
 

 Subsequent to the employer’s application, workers’ compensation awards were rendered—without prejudice to Workers’ Compensation Law § 25-a— from December 17, 2013 to February 12, 2014.