Matter of Kromer v UPS Supply Chain Solutions (2022 NY Slip Op 04072)

Matter of Kromer v UPS Supply Chain Solutions

2022 NY Slip Op 04072

Decided on June 23, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 23, 2022

533217
[*1]In the Matter of the Claim of Douglas A. Kromer, Appellant,
v
UPS Supply Chain Solutions et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:June 1, 2022

Before:Clark, J.P., Pritzker, Reynolds Fitzgerald, Ceresia and Fisher, JJ.

Bronk & Somers PC, Rochester (Daniel A. Bronk of counsel), for appellant.
Falge, LaClair, Hvozda & Cassidy, PC, Syracuse (Jason L. Cassidy of counsel), for UPS Supply Chain Solutions and another, respondents.

Fisher, J.
Appeal from a decision of the Workers' Compensation Board, filed March 3, 2021, which ruled, among other things, that claimant was not entitled to a schedule loss of use award.
In 2018, claimant established a claim for workers' compensation benefits after he suffered a work-related tear of the rotator cuff in his left shoulder. John Gibbs, claimant's orthopedic surgeon, found that claimant had reached maximum medical improvement and that he had sustained a 35% schedule loss of use (hereinafter SLU) of the left arm based upon the shoulder injury. Gerald Coniglio, an orthopedic surgeon who examined claimant on behalf of the employer's workers' compensation carrier, opined that claimant had sustained a 20% SLU of the left arm based upon the shoulder injury. A Workers' Compensation Law Judge (hereinafter WCLJ) credited Gibbs' opinion and found a 35% SLU of the left arm based upon the shoulder injury. Taking into account prior SLU awards for the left arm based upon previous injuries to claimant's left elbow totaling 30%, the WCLJ found that claimant has a total SLU of the left arm of 65%. Upon administrative review, the Workers' Compensation Board modified the WCLJ's decision. The Board credited Coniglio's opinion as being consistent with the 2018 Workers' Compensation Guidelines for Determining Impairment (hereinafter the guidelines) and found that claimant suffered a 20% SLU of the left arm based upon the injury to the left shoulder. Because the prior left arm SLU awards totaled 30%, which exceeded the current 20% SLU award, the Board found that claimant was not entitled to a further SLU award of the left arm, relying on this Court's decision in Matter of Genduso v New York City Dept. of Educ. (164 AD3d 1509 [2018]). Claimant appeals.
"SLU awards are made to compensate for the loss of earning power or capacity that is presumed to result, as a matter of law, from permanent impairments to statutorily-enumerated body members" (Matter of Taher v Yiota Taxi, Inc., 162 AD3d 1288, 1289 [2018] [citations omitted], lv dismissed 32 NY3d 1197 [2019]; see Workers' Compensation Law § 15 [3] [a]-[v]). "Although a claimant may receive more than one SLU award for a loss of use of more than one member or parts of members, such SLU awards are nonetheless limited to only those statutorily-enumerated members listed in Workers' Compensation Law § 15 (3)" (Matter of Blair v SUNY Syracuse Hosp., 184 AD3d 941, 942 [2020] [internal quotation marks, ellipsis and citations omitted]; see Matter of Bell v Glens Falls Ready Mix Co., Inc., 169 AD3d 1145, 1146 [2019]).
Pursuant to Matter of Genduso and its progeny, the Board may offset an SLU award by previous SLU awards for the same body member, regardless of whether the prior injuries involved the same or separate parts of that member (see e.g. Matter of Fiato v New York State Dept. of Transp., 195 AD3d 1251, 1254 [2021], lv denied 37 NY3d 917 [2022]; Matter of Neely v New York City Dept. of Corr., 191 AD3d 1093, [*2]1093-1094 [2021]; Matter of Hluska v Central N.Y. Psychiatric Ctr., 188 AD3d 1381, 1382 [2020]). Recently, the Court of Appeals clarified that an offset of an SLU award by previous SLU awards for the same body member "is not required when the claimant demonstrates that a subsequent injury increased the loss of use of [the] body member beyond that resulting from the prior injury" (Matter of Johnson v City of New York, ___ NY3d ___, ___, 2022 NY Slip Op 02579, *3 [Apr. 21, 2022]). The Court of Appeals reversed this Court's finding in Matter of Liuni v Gander Mtn., (188 AD3d 1403 [2020]), concluding that the claimant had submitted medical evidence that a prior injury to his biceps tendon and current injury to his shoulder "were separate pathologies that each individually caused a particular amount of loss of use of his arm," and that the current shoulder injury "resulted in a greater degree of loss of use of the body member in question" beyond that of the prior tendon injury (Matter of Johnson v City of New York, ___ NY3d at ___, 2022 NY Slip Op 02579 at *3). Accordingly, the Court ordered that the matter be remitted to the Board for consideration of the extent to which, if any, the evidence indicated that the second injury resulted in an increased loss of use of the body member (id.).
At the same time, the Court of Appeals affirmed this Court's decision in Matter of Johnson v City of New York (180 AD3d 1134 [2020]), finding that the claimant had failed to proffer evidence sufficient to permit the Board to determine the degree of impairment of his legs solely caused by knee injuries and, therefore, the Board was unable to determine the degree of any increased loss of use of the legs due to those injuries (Matter of Johnson v City of New York, ___ NY3d at ___, 2022 NY Slip Op 02579 at *3).[FN1] As such, the Court found that the Board's decision to offset claimant's SLU award for the knee injury by prior SLU awards for the legs was not irrational (id.).
Here, neither medical expert was aware of claimant's prior SLU awards for his left arm resulting from the earlier elbow injuries when they examined him and calculated his SLU based upon the shoulder injury. When advised during his deposition of the prior SLU awards, Coniglio opined that any SLU award for the arm based upon the prior elbow injuries would be in addition to the 20% SLU of the arm that he calculated for the shoulder injury. Gibbs was unable to reach an opinion as to whether the prior SLU award based upon the elbow injuries would be in addition to the SLU award of the arm that he had calculated, although he did testify that he would classify the elbow injuries as "a separate problem, or injury, or diagnosis" and that he did not assess the elbow when calculating the SLU award based upon the shoulder injury. In our view, this evidence warrants the Board's consideration as to the extent to which, if any, the shoulder injury resulted in an increased loss of use of the left arm beyond that [*3]which resulted from the elbow injuries (see id.). Accordingly, the Board's decision to offset the SLU award for the left arm based upon the shoulder injury by the prior SLUs for the elbow injuries is reversed and the matter remitted to the Board for further consideration of this issue (see id.).
Turning to the amount of the SLU award for the left shoulder injury, "'[w]hether a claimant is entitled to an SLU award and, if so, the resulting percentage are factual questions for the Board to resolve' and, thus, the Board's determination will be upheld provided that it is supported by substantial evidence" (Matter of Semrau v Coca-Cola Refreshments USA Inc., 189 AD3d 1873, 1874 [2020], quoting Matter of Maunder v B & B Lbr. Co., 166 AD3d 1261, 1261 [2018]). Both medical experts found that claimant was entitled to a 20% SLU for deficits in abduction of the shoulder pursuant to the guidelines. In reaching a total SLU of 35% for the left shoulder, Gibbs added 10% for what he characterized as a mild to moderate deficit in internal rotation range of motion, and 5% for a mild deficit of posterior extension. According to the guidelines, however, 10%-15% may be added "for marked deficits of rotation and muscle atrophy" of the shoulder (Workers' Compensation Guidelines for Determining Impairment § 5.4, at 31 [2018]). Insofar as Gibbs found only a mild to moderate deficit in internal rotation with no muscle atrophy, the Board's finding that this additional 10% was unwarranted under the guidelines is proper.
Coniglio found a 20% SLU of the left arm resulting from claimant's shoulder injury. Coniglio based his calculation on his finding of 135 degrees in abduction. Coniglio testified, however, that he also found a "minor" defect of posterior extension. According to the guidelines, "[m]ild deficits of posterior extension equal 7½ [to] 10% loss of use of an arm" (Workers' Compensation Guidelines for Determining Impairment § 5.4, at 31 [2018]). Coniglio further testified that he did not add any value to his overall SLU calculation for the defect in posterior extension based upon his belief that the Board considers posterior extension as a component of internal/external range of motion and that the Board has advised him that defects in extension, adduction, etc., "should stand alone and are not to be added to the abduction." Claimant challenged Coniglio's interpretation on posterior extension during the hearing and the WCLJ credited Gibb's opinion, which included an addition to his total SLU finding for a defect in posterior extension, in finding a 65% SLU of the left arm. On administrative appeal, the Board credited Coniglio's opinion of a 20% SLU as being consistent with the guidelines and expressly declined to add any additional loss of use. Contrary to Coniglio's testimony, we note that the Board has previously determined that adding value for posterior extension to an overall SLU award that also includes a documentation of deficits of flexion or abduction [*4]is consistent with the guidelines (see e.g. Employer: DOCCS Gowanda Cor Facility, 2021 WL 3433444, *6-*7, 2021 NY Wrk Comp LEXIS ___, *___ [WCB No. G219 5026, Aug. 2, 2021]; Employer: DOCCS Greene Cor Facility, 2021 WL 3433404, *2, *5, 2021 NY Wrk Comp LEXIS ___, *___ [WCB No. G216 9477, July 30, 2021]; Employer: DOCCS Gowanda Cor Facility, 2021 WL 3013732, *2-*3, 2021 NY Wrk Comp LEXIS ___, *___ [WCB No. G219 8829, July 8, 2021]; Employer: New York City Tr., 2021 WL 2550201, *17, 2021 NY Wrk Comp LEXIS ___, *___ [WCB No. G202 3065, June 14, 2021]; Employer: New York City Children's Ctr., 2021 WL 2482176, *1, *3, 2021 NY Wrk Comp LEXIS ___, *___ [WCB No. G242 0283, June 10, 2021]). The Board did not address Coniglio's failure to add any value for his finding of a posterior extension defect to his overall SLU calculation and, as such, has not provided a rational basis for departing from its precedent. Accordingly, its finding of a 20% SLU of the left arm must also be reversed and the matter remitted for further consideration by the Board (see Matter of Delk v Orange & Rockland, 191 AD3d 1067, 1071 [2021]; Matter of Norcross v Camden Cent. School, 78 AD3d 1339, 1339-1340 [2010]).
Clark, J.P., Pritzker, Reynolds Fitzgerald and Ceresia, JJ., concur.
ORDERED that the decision is reversed, with costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.

Footnotes

Footnote 1: The claimant in that case had suffered successive injuries to his knees and hips and the Board credited his expert's testimony that the knee and hip injuries were not isolated from each other, which, the Court concluded, "l[eft] it unclear whether any or how much loss of use of [the claimant]'s legs was solely related to [the] knee injuries" (Matter of Johnson v City of New York, ___ NY3d at ___, 2022 NY Slip Op 02579 at *3).