Matter of Germano v Dynamic Appliances, Inc. (2024 NY Slip Op 05259)

Matter of Germano v Dynamic Appliances, Inc.

2024 NY Slip Op 05259

Decided on October 24, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 24, 2024

CV-23-0868
[*1]In the Matter of the Claim of Victor Germano, Appellant,
v
Dynamic Appliances, Inc., et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:September 9, 2024

Before:Clark, J.P., Pritzker, Ceresia, Fisher and Mackey, JJ.

Polsky, Shouldice & Rosen, PC, Rockville Centre (Timothy J. Rogers of counsel), for appellant.
David F. Wertheim, State Insurance Fund, Albany (Aviva Sharbin of counsel), for Dynamic Appliances, Inc. and another, respondents.

Mackey, J.
Appeal from an amended decision of the Workers' Compensation Board, filed March 6, 2023, which ruled that claimant is not entitled to a 33.33% schedule loss of use award.
In 2015, claimant injured his right shoulder at work and, in 2018, he was found to have sustained a 27.50% schedule loss of use (hereinafter SLU) of the right arm as a result thereof. In May 2019, while at work and assisting a customer placing an air conditioning unit into their car, claimant injured his right arm when the customer dropped the unit, resulting in claimant feeling pain and hearing a pop in his right elbow. In September 2019, claimant underwent surgery to repair his right distal biceps tendon, and his claim for workers' compensation benefits was established for a work-related injury to his right arm. In January 2021, a consultant for the employer and its carrier, the State Insurance Fund (hereinafter collectively referred to as SIF), performed an orthopedic medical evaluation of claimant and concluded, in relevant part, that claimant had sustained a 0% SLU of the right shoulder, a 25% SLU of the right elbow, and a 20% SLU of the right wrist. Thereafter, claimant's treating physician, who evaluated claimant for permanency in July 2021, opined that claimant's injury had reached maximum medical improvement and that claimant had sustained a 33.33% SLU of the right arm as a result of the 2019 injury, which SLU was "in addition to . . . [the] prior injury to the right shoulder."
Following a hearing, at which the parties waived their right to cross-examine each other's medical consultants on the appropriate SLU, a Workers' Compensation Law Judge (hereinafter WCLJ) found that claimant had sustained a 33.33% SLU of the right arm but held that the SIF was entitled to credit for prior payments made for the previous SLU award pertaining to the right shoulder injury. Upon administrative appeal, the Workers' Compensation Board affirmed the decision of the WCLJ and denied claimant's subsequent application for reconsideration and/or full Board review. As a result of the Court of Appeals' decision in Matter of Johnson v City of New York (38 NY3d 431 [2022]), the Board issued an amended decision affirming the WCLJ's decision and clarified that the SIF is entitled to a credit for the prior SLU of the right arm because claimant failed to show by credible medical evidence that his 33.33% SLU of his right arm was solely attributable to his May 2019 injury underlying the instant claim. Claimant appeals from the Board's amended decision.
We reverse. "SLU awards are made to compensate for the loss of earning power or capacity that is presumed to result, as a matter of law, from permanent impairments to statutorily-enumerated body members" (Matter of Taher v Yiota Taxi, Inc., 162 AD3d 1288, 1289 [3d Dept 2018], lv dismissed 32 NY3d 1197 [2019]; see Workers' Compensation Law § 15 [3] [a]-[v]; Matter of Mancini v Office of Children & Family Servs., 32 NY3d 521, 526 n [2018]). "Although a claimant [*2]may receive more than one SLU award for a loss of use of more than one member or parts of members, such SLU awards are nonetheless limited to only those statutorily-enumerated members listed in Workers' Compensation Law § 15 (3)" (Matter of Blair v SUNY Syracuse Hosp., 184 AD3d 941, 942 [3d Dept 2020] [internal quotation marks, ellipsis and citations omitted]; see Matter of Bell v Glens Falls Ready Mix Co., Inc., 169 AD3d 1145, 1146 [3d Dept 2019]). "[W]hether a claimant is entitled to an SLU award and, if so, the resulting percentage are factual questions for the Board to resolve and, thus, the Board's determination will be upheld provided that it is supported by substantial evidence" (Matter of Kromer v UPS Supply Chain Solutions, 206 AD3d 1413, 1416 [3d Dept 2022] [internal quotation marks and citations omitted]; accord Matter of Ward v NYC Tr. Auth., 214 AD3d 1277, 1279 [3d Dept 2023]).
"Pursuant to Matter of Genduso [v New York City Dept. of Educ. (164 AD3d 1509 [3d Dept 2018])] and its progeny, the Board may offset an SLU award by previous SLU awards for the same body member, regardless of whether the prior injuries involved the same or separate parts of that member" (Matter of Kromer v UPS Supply Chain Solutions, 206 AD3d at 1415 [citations omitted]). However, the Court of Appeals has held that an offset of an SLU award by previous SLU awards for the same body member "is not required when the claimant demonstrates that a subsequent injury increased the loss of use of [the] body member beyond that resulting from the prior injury" (Matter of Johnson v City of New York, 38 NY3d at 444; see Workers' Compensation Law § 15 [7]; Matter of Kromer v UPS Supply Chain Solutions, 206 AD3d at 1415). Such demonstration may include medical evidence that a prior injury and the current injury to the same member are "separate pathologies that each individually caused a particular amount of loss of use of [the subject member]" (Matter of Johnson v City of New York, 38 NY3d at 445) and that the current injury resulted in a greater degree of loss of use of the body member in question "beyond that . . . [of] the prior injury" (id. at 444).
Upon evaluating claimant for permanency and determining that claimant's work-related injury had reached maximum medical improvement, claimant's physician stated in his July 2021 medical report that claimant "has a previous unrelated surgery to the right arm for a shoulder injury." When providing his conclusion that claimant sustained a 33.33% SLU of the right arm for the at-issue work-related injury, claimant's physician also added that the 33.33% SLU "is in addition to any prior [SLU that claimant] received of the right arm for a prior injury to the right shoulder." The Board stated in its amended decision that claimant's physician provided no other details about claimant's prior injury or the degree of loss of use of the right arm resulting from the prior surgery. To the contrary, however, in a June 2021 report, claimant's [*3]physician clearly stated that claimant had "received a scheduled loss of use of 27% for the right shoulder," and, in his July 2021 report, claimant's physician opined that the surgery he had performed for claimant's 2015 shoulder injury was "unrelated" to the 2019 biceps injury. Claimant's physician made it clear that the 33.33% SLU that he found claimant had sustained for the biceps injury was separate from, and in addition to, the prior shoulder injury. Thus, in accordance with the holding in Matter of Johnson, the SLU attributable to the prior shoulder injury should not have been deducted from the SLU attributable solely to the biceps injury, and we find that the Board's determination is not supported by substantial evidence.
Clark, J.P., Pritzker, Ceresia and Fisher, JJ., concur.
ORDERED that the amended decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.