Matter of Webster v Office of Children & Family Servs. (2024 NY Slip Op 06258)

Matter of Webster v Office of Children & Family Servs.

2024 NY Slip Op 06258

Decided on December 12, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 12, 2024

CV-23-1229
[*1]In the Matter of the Claim of Percival Webster, Respondent,
v
Office of Children & Family Services et al., Appellants. Workers' Compensation Board, Respondent.

Calendar Date:November 19, 2024

Before:Aarons, J.P., Reynolds Fitzgerald, Ceresia, McShan and Mackey, JJ.

David F. Wertheim, State Insurance Fund, Albany (Kara A. Schifano of counsel), for appellants.
Kirk & Teff, LLP, Kingston (Justin S. Teff of counsel), for Percival Webster, respondent.
Letitia James, Attorney General, New York City (Donya Fernandez of counsel), for Workers' Compensation Board, respondent.

Ceresia, J.
Appeal from a decision of the Workers' Compensation Board, filed June 7, 2023, which ruled, among other things, that claimant was entitled to a 50% schedule loss of use award for his right leg.
While working as a youth division aide in April 2018, claimant sustained a work-related injury to his right knee. His subsequent claim for workers' compensation benefits was established and he was awarded — upon stipulation — a 50% schedule loss of use (hereinafter SLU) award for his right leg. In March 2020, claimant, then employed as a correction officer at a youth detention facility, sustained a compensable injury to his right hip — resulting in another established claim for workers' compensation benefits. Although claimant initially incurred some lost time, he later returned to work full time and without restrictions.
In November 2020, and in the context of his most recent claim, claimant underwent an independent medical examination at the behest of the employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier). After reviewing an earlier MRI study, the evaluating physician diagnosed claimant with a tear of the right hip labrum. Although claimant was working full time at this point, he advised the physician that there were occasions when his pain was so intense that he could not bend his hip.
Claimant thereafter retained his own consultant, John Ioia, who examined claimant in February 2021, at which time claimant was observed to be limping and reported that his right hip pain caused difficulties with some of his activities of daily living. Upon physical examination of claimant, Ioia documented a limited range of motion in claimant's right hip, diagnosed claimant as suffering from a labral tear and concluded that claimant had sustained a 60% SLU of his right leg due solely to the right hip injury. At his ensuing deposition in November 2021, Ioia acknowledged that he incorrectly calculated claimant's SLU in the first instance and revised his opinion to a 50% SLU of claimant's right leg. To that end, Ioia made clear that he calculated claimant's SLU "based solely on [claimant's] hip injury" and stated that the resulting percentage was "not related to [claimant's prior] knee injury in any way."
In the interim, claimant underwent another independent medical examination at the carrier's request. The evaluating physician, Adam Soyer, documented claimant's reports of increased pain when walking, bending and climbing stairs, diagnosed claimant with right hip sprain and opined that claimant had sustained a 15% SLU of his right leg based upon the injury to his hip. At his subsequent deposition, Soyer revised his opinion as to the SLU percentage, testifying that claimant actually had sustained a 47.5% SLU of his right leg — noting that the prior assessment had not taken into account a preexisting injury to claimant's left hip.
After considering the proof tendered, a Workers' Compensation Law Judge (hereinafter WCLJ) — [*2]crediting the testimony offered by Ioia and noting the concessions made by Soyer — found that claimant had sustained a 50% SLU of his right leg based upon the injury to his right hip. The carrier sought administrative review contending that, pursuant to this Court's decision in Matter of Genduso v New York City Dept. of Educ. (164 AD3d 1509 [3d Dept 2018]), the WCLJ should have deducted the previously awarded 50% SLU of claimant's right leg based upon his prior knee injury. The Workers' Compensation Board affirmed the 50% SLU of claimant's right leg but remanded the matter to the WCLJ for consideration of whether Matter of Genduso applied. Upon remand, the WCLJ, citing the Court of Appeals' decision in Matter of Johnson v City of New York (38 NY3d 431 [2022]), concluded that Matter of Genduso did not apply because claimant had met his burden of establishing that the current 50% SLU of his right leg was attributable solely to the March 2020 hip injury. The Board affirmed the WCLJ's decision, prompting this appeal.
"An SLU award is designed to compensate an injured worker for the loss of earning power or capacity that is presumed to result, as a matter of law, from permanent impairments to statutorily-enumerated body members" (Matter of Villagil v Sauce Pizzeria III, LLC, 222 AD3d 1154, 1154 [3d Dept 2023] [internal quotation marks and citations omitted]; see Matter of Kromer v UPS Supply Chain Solutions, 206 AD3d 1413, 1414 [3d Dept 2022]). "Although a claimant may receive more than one SLU award for a loss of use of more than one member or parts of members, such SLU awards are nonetheless limited to only those statutorily-enumerated members listed in Workers' Compensation Law § 15 (3)" (Matter of Kromer v UPS Supply Chain Solutions, 206 AD3d at 1414 [internal quotation marks and citations omitted, emphasis added]; accord Matter of Wright v Elmer W. Davis Inc., 231 AD3d 1225, 1226-1227 [3d Dept 2024]), which includes, as relevant here, claimant's right leg (see Workers' Compensation Law § 15 [3] [b]). "Whether a claimant is entitled to an SLU award and, if so, the resulting percentage are factual questions for the Board to resolve and, thus, the Board's determination will be upheld provided that it is supported by substantial evidence" (Matter of Marcellino v National Grid, 213 AD3d 1094, 1095 [3d Dept 2023] [internal quotation marks, brackets and citations omitted]; see Matter of Villagil v Sauce Pizzeria III, LLC, 222 AD3d at 1154-1155).
Consistent with Matter of Genduso, this Court has held that "the Board may offset an SLU award by previous SLU awards for the same body member, regardless of whether the prior injuries involved the same or separate parts of that member" (Matter of Kromer v UPS Supply Chain Solutions, 206 AD3d at 1415). Here, claimant has two SLU awards pertaining to his right leg — a 50% SLU for his 2018 right knee injury, and a 50% SLU for his 2020 right hip injury. The carrier, adopting the logic employed in Matter of Genduso[*3], contends that the 2020 award must be offset by the 2018 award — resulting in no overall increase in disability attributable to claimant's 2020 hip injury. We disagree.
As the Court of Appeals made clear in Matter of Johnson, and as this Court acknowledged in Matter of Kromer, "separate SLU awards for different injuries to the same statutory member are contemplated by [Workers' Compensation Law §] 15 and, when a claimant proves that the second injury, 'considered by itself and not in conjunction with the previous disability,' has caused an increased loss of use, the claimant is entitled to an SLU award commensurate with that increased loss of use" (Matter of Johnson v City of New York, 38 NY3d at 436-437, quoting Workers' Compensation Law § 15 [7]; see Matter of Kromer v UPS Supply Chain Solutions, 206 AD3d at 1415). In other words, Workers' Compensation Law § 15 (7) "provides that a claimant may receive more than one SLU award in connection with successive injuries to the same statutory body member" — as long as the award for the successive injury is "limited to the loss of earning power caused by [that] injury" (Matter of Johnson v City of New York, 38 NY3d at 442, 443). Hence, claimant's entitlement to an additional SLU award for his hip injury turns upon the sufficiency of the medical proof adduced.[FN1]
The Board found, and our review of the record confirms, that claimant did offer evidence that the injuries to his right knee and right hip "were separate pathologies that each individually caused a particular amount of loss of use of his [right leg]" (Matter of Johnson v City of New York, 38 NY3d at 445). As noted previously, Ioia testified that he calculated claimant's SLU "based solely on [claimant's] hip injury" and stated that the resulting percentage was "not related to [claimant's prior] knee injury in any way." Although the carrier takes issue with the specificity of such testimony, Ioia's opinion in this regard largely mirrors the expert testimony deemed to be sufficient by the Court in Matter of Johnson (see id.). Similarly, to the extent that the carrier faults Ioia for failing to undertake an independent examination of claimant's right knee, essentially contending that his opinion "was not based on an examination of the separate sites but a simple assertion that the two injuries were separate," the Court of Appeals rejected this very argument, noting that "credibility determinations are within the sole province of the Board" (id.). In short, we are satisfied that claimant's proof was sufficient to permit the Board to determine the degree of impairment to his right leg caused solely by the 2020 hip injury and, thus, the degree of the increased loss of use to the affected member attributable to that particular injury. The carrier's remaining arguments on this point, including its assertion that the Board's ruling effectively results in a 100% disability with respect to claimant's right leg, have been examined and found to be lacking in [*4]merit.
Aarons, J.P., Reynolds Fitzgerald, McShan and Mackey, JJ., concur.
ORDERED that the decision is affirmed, without costs.

Footnotes

Footnote 1: In Matter of Johnson, the Court of Appeals addressed the sufficiency of the proof of two separate claimants regarding their entitlement to an additional SLU award based upon a successive injury to a previously-impaired body member. The Court of Appeals reached contrary conclusions as to the two claimants, deeming the proof for one claimant to be insufficient to support a finding of an increased loss of use of the affected member but concluding that the proof for the other claimant established the existence of a separate and distinct injury, thereby warranting remittal to the Board to consider whether that claimant's subsequent injury resulted in an increased loss of use of the body member (38 NY3d at 445).