Matter of Krein v Green Haven Corr. Facility (2025 NY Slip Op 06238)

Matter of Krein v Green Haven Corr. Facility

2025 NY Slip Op 06238

Decided on November 13, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 13, 2025

CV-24-1994
[*1]In the Matter of the Claim of Kevin Krein, Appellant,
v
Green Haven Correctional Facility et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:October 15, 2025

Before:Pritzker, J.P., Reynolds Fitzgerald, Ceresia, McShan and Powers, JJ.

Erwin McCane & Daly LLP, Albany (Kevin F. McCane of counsel), for appellant.
David F. Wertheim, State Insurance Fund, Albany (Kara A. Schifano of counsel), for Green Haven Correctional Facility and another, respondents.

Reynolds Fitzgerald, J.
Appeal from a decision of the Workers' Compensation Board, filed May 29, 2025, which ruled, among other things, that claimant was entitled to a 12.5% schedule loss of use of his right leg (knee) as a result of a March 2020 accident.
In 1999, claimant sustained a work-related injury to his right knee and, in October 2000, was awarded a 12.5% schedule loss of use (hereinafter SLU) of the right leg (knee). In 2003, claimant sustained another work-related injury to his right knee; however, no findings of permanency were rendered (and thus no SLU award made) as the medical records reflect that, by July 2003, his right knee "seem[ed] to be totally improved." In March 2020, claimant sustained an additional right knee injury, and the underlying workers' compensation claim in this matter was established. Following evaluations for permanency by claimant's treating physician and an independent medical examiner, as well as depositions of those physicians, a Workers' Compensation Law Judge (hereinafter WCLJ) found, among other things, that claimant had sustained a 25% SLU of the right leg with 2.5% related to the preexisting range of motion deficits from his 1999 injury, resulting in a 22.5% SLU of the right leg causally-related to the March 2020 accident. Upon administrative review, the employer and its workers' compensation carrier, the State Insurance Fund (hereinafter collectively referred to as the SIF), did not dispute the finding of a 25% SLU of the right leg but argued that it was entitled to an offset or reduction of that 25% SLU by the 12.5% SLU that claimant was awarded in 2000 for his prior work-related injury to his right knee, and the Workers' Compensation Board agreed. The Board reasoned that, under Matter of Genduso v New York City Dept. of Educ. (164 AD3d 1509 [3d Dept 2018]), "an SLU must always be reduced by the amount of any prior SLU to the same statutory member" and modified the decision of the WCLJ by awarding claimant a 12.5% SLU of the right leg (knee). Claimant appeals.
We reverse. "SLU awards are made to compensate for the loss of earning power or capacity that is presumed to result, as a matter of law, from permanent impairments to statutorily-enumerated body members" (Matter of Taher v Yiota Taxi, Inc., 162 AD3d 1288, 1289 [3d Dept 2018], lv dismissed 32 NY3d 1197 [2019]; see Workers' Compensation Law § 15 [3] [a]-[v]; Matter of Mancini v Office of Children & Family Servs., 32 NY3d 521, 526 n [2018]; Matter of Webster v Office of Children & Family Servs., 233 AD3d 1228, 1229 [3d Dept 2024]; Matter of Genduso v New York City Dept. of Educ., 164 AD3d at 1510). "Although a claimant may receive more than one SLU award for a loss of use of more than one member or parts of members, such SLU awards are nonetheless limited to only those statutorily-enumerated members listed in Workers' Compensation Law § 15 (3)" (Matter of Kromer v UPS Supply Chain Solutions, 206 AD3d 1413, 1414 [3d Dept 2022] [internal quotation marks and citations omitted[*2], emphasis added]). "Pursuant to Matter of Genduso and its progeny, the Board may offset an SLU award by previous SLU awards for the same body member, regardless of whether the prior injuries involved the same or separate parts of that member" (id. at 1415 [citations omitted]; see Matter of Webster v Office of Children & Family Servs., 233 AD3d at 1230; Matter of Germano v Dynamic Appliances, Inc., 231 AD3d 1394, 1396 [3d Dept 2024]).
The Court of Appeals has clarified, however, that successive and "separate SLU awards for different injuries to the same statutory member are contemplated by [Workers' Compensation Law §] 15 and, when a claimant proves that the second injury, 'considered by itself and not in conjunction with the previous disability,' has caused an increased loss of use, the claimant is entitled to an SLU award commensurate with that increased loss of use" (Matter of Johnson v City of New York, 38 NY3d 431, 436-437 [2022], quoting Workers' Compensation Law § 15 [7]; accord Matter of Webster v Office of Children & Family Servs., 233 AD3d at 1230; Matter of Kromer v UPS Supply Chain Solutions, 206 AD3d at 1415).[FN1] Thus, a claimant's entitlement to an additional SLU award for a successive injury to the same statutory member "turns upon the sufficiency of the medical proof adduced" (Matter of Webster v Office of Children & Family Servs., 233 AD3d at 1231; see Matter of Johnson v City of New York, 38 NY3d at 445). "Such demonstration may include medical evidence that a prior injury and the current injury to the same member are 'separate pathologies that each individually caused a particular amount of loss of use of [the subject member]' and that the current injury resulted in a greater degree of loss of use of the body member in question 'beyond that . . . [of] the prior injury' " (Matter of Germano v Dynamic Appliances, Inc., 231 AD3d at 1396, quoting Matter of Johnson v City of New York, 38 NY3d at 444, 445). In this regard, "whether a claimant is entitled to an SLU award and, if so, the resulting percentage are factual questions for the Board to resolve and, thus, the Board's determination will be upheld provided that it is supported by substantial evidence" (Matter of Kromer v UPS Supply Chain Solutions, 206 AD3d at 1416 [internal quotation marks, brackets and citations omitted]; see Matter of Ward v NYC Tr. Auth., 214 AD3d 1277, 1279 [3d Dept 2023]).
Here, the standard articulated and then applied by the Board, which relied solely upon Matter of Genduso v New York City Dept. of Educ. (164 AD3d at 1510), was that an SLU "must always be reduced by the amount of any prior SLU to the same statutory member" (emphasis supplied). The Board is not required to reduce or offset the SLU by the prior SLU where a "claimant demonstrates that a subsequent injury increased the loss of use of a body member beyond that resulting from the prior injury" (Matter of Johnson v City of New York, 38 NY3d at 444). Given that the Board's decision did not consider[*3], or otherwise ascertain the credibility of, the conflicting medical evidence that was before it — which included documentary and testimonial evidence from claimant's treating physician — regarding the extent to which claimant's injuries were "separate pathologies that each individually caused a particular amount of loss of use" of his right leg (id. at 445), the Board's finding of a 12.5% SLU of the right leg must be reversed and the matter remitted for further consideration by the Board in accordance with the holding in Matter of Johnson (see id. at 445-446; cf. Matter of Germano v Dynamic Appliances, Inc., 231 AD3d at 1396; Matter of Kromer v UPS Supply Chain Solutions, 206 AD3d at 1417). In light of our decision, it is unnecessary to address claimant's remaining contentions.
Pritzker, J.P., Ceresia, McShan and Powers, JJ., concur.
ORDERED that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.

Footnotes

Footnote 1: "In other words, Workers' Compensation Law § 15 (7) 'provides that a claimant may receive more than one SLU award in connection with successive injuries to the same statutory body member' — as long as the award for the successive injury is 'limited to the loss of earning power caused by [the second or successive] injury' " (Matter of Webster v Office of Children & Family Servs., 233 AD3d at 1230-1231, quoting Matter of Johnson v City of New York, 38 NY3d at 442, 443; see Matter of Kromer v UPS Supply Chain Solutions, 206 AD3d at 1415).